# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CARMEN A. SPEARS** § | **CIVIL ACTION NO. 2:21-cv-03788** |
| *Plaintiff* § | |
| § | |
| **VS.** § | |
| § | |
| **NANAKI LLC d/b/a DAYS INN &** § | |
| **SUITES BY WYNDHAM KINDER** § | |
| *Defendant* § | **JURY DEMANDED HEREIN** |

## PLAINTIFF'S ORIGINAL COMPLAINT

**NOW COMES**, through undersigned counsel, Plaintiff, **CARMEN A. SPEARS**, who files her Original Complaint against Defendant, **NANAKI LLC d/b/a DAYS INN & SUITES BY WYNDHAM KINDER**. She hereby states as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 as it appears as 42 U.S.C. § 2000e *et seq.*

2. This Court has jurisdiction pursuant to the following statutes:

   a. 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, law or treaties of the United States; and

   b. 28 U.S.C. § 1343 (3) and (4), which give district courts jurisdiction over actions to secure civil rights extended by the United States government.

3. Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) on or about March 5, 2020 (Charge No. 461-2020-01015). Plaintiff received her Notice of

Suit Rights on August 6, 2021. *See* Exhibit A. Plaintiff is afforded 90 days from her receipt of such Notice to commence suit, and the date of this filing is within the statutory period.

4. Venue is appropriate in this judicial district under 28 U.S.C. § 1391 (b) because the events that gave rise to this Complaint occurred in the Western District of Louisiana, specifically Allen Parish, making the Lake Charles Division the most appropriate Division for this suit.

## PARTIES

5. Plaintiff is a citizen of the United States and resides in the city of Lake Charles, State of Louisiana.

6. Plaintiff is female and, as such, is a member of a protected class.

7. At all relevant times, Plaintiff was pregnant and, as such is a member of a protected class.

8. Defendant, **NANAKI LLC d/b/a DAYS INN & SUITES BY WYNDHAM KINDER** ("Days Inn") is a Louisiana limited liability company conducting business in the state of Louisiana. The acts complained of in this Complaint occurred in Allen Parish, State of Louisiana, where Days Inn performs a significant amount of business.

## FACTUAL ALLEGATIONS

9. At all times relevant to this suit, Plaintiff was pregnant.

10. Plaintiff applied for Defendant's open front desk position, and she was contacted a couple of hours later to schedule an interview.

11. During the interview, which took place at approximately 7:00 p.m. on June 13, 2019, Plaintiff and Defendant's Manager and Owner, Paul Singh ("Singh") discussed Plaintiff's

computer skills and whether she was able to properly fold bedding, towels, and other materials. During the interview, Plaintiff indicated to Singh that she could work overnight shifts and that she knew of the proper way to fold a fitted or flat sheet, as well as to do so with sufficient promptness to reduce wrinkling after removing the sheets from the dryer.

12. Upon completion of Plaintiff's interview, Singh indicated to Plaintiff that he would run a background check, which was the final step of her hiring process, and would let her know at what time she should arrive to work the following morning for training.

13. At no time during the interview did Singh address Plaintiff's pregnancy.

14. At approximately 9:30 a.m. on June 14, 2019, Plaintiff arrived to the Days Inn facility for training, at which time Patty LNU, the trainer, asked Plaintiff whether she was pregnant and whether Singh knew of the pregnancy. When Plaintiff indicated that she was, in fact, pregnant, Patty LNU immediately contacted Singh to inform him of the same, instructing Plaintiff not to clock in because "Singh may not want [her] to."

15. During the phone conversation between Patty LNU and Singh, which Plaintiff witnessed because she was standing immediately next to Patty LNU, Patty LNU turned to Plaintiff and asked her what trimester she was in. In response, Plaintiff indicated that she was five months pregnant.

16. Immediately after Patty LNU contacted Singh and informed him that Plaintiff was pregnant, Patty LNU escorted Plaintiff to the front of the facility and informed Plaintiff that Days Inn would not proceed in hiring her because folding sheets would be "too hard on her" because of her pregnancy. At that time, Patty LNU stated that Plaintiff "maybe" could come back after she had the baby. At that time, Plaintiff indicated that she had a family of five (5) and that she regularly washed and folded laundry, including sheets, for

the same with no issue whatsoever. Patty LNU insisted that folding sheets for Plaintiff would be "too much."

17. In response, Plaintiff asked whether she could obtain clearance to work from her physician, with whom she had on the following Monday; however, Days Inn refused to effectuate Plaintiff's hire as of June 14, 2019.

---

### FIRST CAUSE OF ACTION:
### SEXUAL/PREGNANCY DISCRIMINATION IN EMPLOYMENT
*Pursuant to 42 U.S.C. 2000e et seq.*

---

18. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

19. Under Title VII, it is an unlawful employment practice for an employer to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. 42 U.S.C.S. § 2000e-2(a)(1). The term "because of sex" includes "because of or on the basis of pregnancy, childbirth, or related medical conditions." *Id*. § 2000e(k).

20. Defendant is an "employer" subject to the provisions of Title VII. At all relevant times, Days Inn was an entity engaged in an industry affecting commerce who, upon good information and belief, has employed more than fifteen employees for at least twenty (20) calendar weeks in both 2018 and 2019. 42 U.S.C. § 2000e(b).

21. Plaintiff is a woman and is therefore a member of a protected class. Plaintiff was also pregnant at the time of all relevant acts, which renders her a member of a protected class.

22. Plaintiff was qualified for the position as a front desk employee and was able to perform all essential functions of the position. Indeed, following her interview for the position,

Singh instructed Plaintiff to appear for training the following day, therein admitting that Plaintiff met the requisite qualifications for the position.

23. Despite the fact that Plaintiff was not placed under any medical restriction of any kind due to her pregnancy, Defendant revoked its hiring of Plaintiff due to a misfounded belief that Plaintiff's pregnancy would altogether foreclose her ability to fold sheets. Plaintiff specifically asked to be able to produce a medical clearance from her physician; however, Defendant overtly refused to accommodate Plaintiff in any way and, instead, terminated her employment or otherwise refused to process her hire.

24. Upon good information and belief, Defendant terminated or otherwise refused to effectuate the hire of Plaintiff on the sole basis of her pregnancy.

25. Defendant's conduct was malicious or was otherwise committed with reckless indifference to Plaintiff's federally protected rights.

26. WHEREFORE, Plaintiff prays that Defendant be found liable for violating the anti-discrimination provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1).

## PRAYER

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment against Defendant providing the following relief:

(a) All damages to which Plaintiff may be entitled, including but not limited to back pay, reimbursement for lost position and training, social security and other benefits, front pay, and any other statutory relief, including punitive damages;

(b) Reasonable attorney's fees, with conditional awards in the event of appeal;

(c) Pre-judgment interest at the highest rate permitted by law;

(d) Post-judgment interest from the judgment until paid at the highest rate permitted by law;

(e) Costs, including expert fees;

(f) Reasonable and necessary medical care and expenses in the past and future;

(g) Injunctive relief; and

(h) Such other and further relief, at law or in equity, to which Plaintiff may be entitled.

---

## DEMAND FOR JURY TRIAL
---

Pursuant to Rule 38 of Federal Rules of Civil Procedure, the Plaintiff demands trial by jury in this action of all issues if triable.

**Respectfully Submitted,**

**SUDDUTH & ASSOCIATES, LLC**
Attorneys-at-Law
1109 Pithon Street
Lake Charles, LA 70601
Tel: (337) 480-0101
Fax: (337) 419-0507
Email: james@saa.legal

BY:   */s/ James E. Sudduth, III*
JAMES E. SUDDUTH, III (#35340)
KOURTNEY L. KECH (#37745)
PIERCE A. RAPIN (#38579)