UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CARMEN A SPEARS** | **CASE NO.  2:21-CV-03788** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **NANAKI L L C** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is "Defendant's, Nanaki LLC d/b/a Days Inn & Suites by Wyndham Kinder, Motion to Dismiss Under Rules 12(b)(1) and 12(b)(6)" [Doc.4]. Defendant asserts that this Court lacks subject matter jurisdiction over this matter because Defendant employed fewer than fifteen (15) employees. Plaintiffs oppose this motion [Doc. 6] and Defendant submitted memoranda replying to the opposition [Doc. 7]. As such, this matter is fully briefed and ready for review.

## BACKGROUND

Plaintiff Carmen Spears alleges that Defendant Nanaki LLC d/b/a Days Inn & Suites by Wyndham Kinder terminated her employment or otherwise revoked her job offer upon learning that she was pregnant, in violation of Title VII of the Civil Rights Act of 1964. Plaintiff filed an EEOC charge of discrimination on March 5, 2020 (Charge No. 461-2020-01015). Doc. 1 pp. 3 *Plaintiff's Original Complaint*. Defendant received the charge on or about March 14, 2020. Doc. 4-1. On May 4, 2020, Defendant filed its Position Statement with the EEOC. *Id.* Plaintiff received her Notice of Suit Rights from EEOC on or about August 6, 2021. Plaintiff initiated the instant suit, asserting both Title VII and state law

claims against Defendant in this Court on October 27, 2021. Defendant now files the instant Motion to Dismiss asserting that in all of 2019, Defendant employed less than 15 employees and as such, this Court lacks subject matter jurisdiction. Doc 4-3 *Affidavit of Paul Singh*.

## RULE 12(b)(1) STANDARD

A motion to dismiss filed pursuant to Rule 12(b)(1) "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. U.S.*, 281 F. 3d 158, 161 (5th Cir. 2001). The party asserting jurisdiction carries the burden of proof. *Id.* the district court may base its determination as to its subject matter jurisdiction on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.*

If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, a court should address the jurisdictional attack before reaching any other arguments that attack the merits of the plaintiff's claims. *Id.* Subject matter jurisdiction can never be forfeited or waived. *United States v. Cotton*, 535 U.S. 625, 630 (2002). If the court lacks subject matter jurisdiction of a case, "the court shall dismiss the action." Fed. R. Civ. Proc. 12(h)(3).

## RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that "a complaint should not be dismissed

for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989). The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . ." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S.Ct. 1955.

## **LAW & ANALYSIS**

Both federal law and Louisiana state law prohibit a business from discriminating against a job applicant or an employee because of a person's race, color, religion, sex, national origin, disability, and genetic information. This prohibition includes practices in hiring and firing. 42 U.S.C. Sec. 2000e-2(a). However, Defendant argues that for a cause to be actionable under Title VII of the Civil Rights Act ("Title VII"), the business must have fifteen (15) or more employees who worked for the employer for at least twenty calendar weeks if the employer is to be subject to federal court jurisdiction. *Juino v. Livingston Par. Fire Dist. No. 5*, 717 F.3d 431 (5th Cir. 2013).

Plaintiff relies on *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 126 S. Ct. 1235 (2006), and argues that this case establishes precedent holding that Title VII's numerosity is not a

jurisdictional issue and instead an element of the claim. In reaching its conclusion, the *Arbaugh* Court found that, "Congress could [have made] the employee-numerosity requirement 'jurisdictional,' just as it. . . made an amount-in-controversy threshold an ingredient of subject matter jurisdiction in delineating diversity-of-citizenship jurisdiction under 28 U.S.C. § 1332," but did not appear to do so. Plaintiff relies on this assertion to support their argument that *Arbaugh* has made it clear that the employee-numerosity requirement is not a jurisdictional issue and, instead, numerosity relates to the "substantive adequacy" of Plaintiff's Title VII claim.

Defendants argue that *Arbaugh* is not controlling in this matter because it is a deviation from similar cases in its ruling and reasoning, and it involves facts substantially divergent from the instant matter. In *Arbaugh*, the plaintiff filed suit against her former employer, Y&H Corp. ("Y&H"), alleging that one of the owners sexually harassed her, in violation of Title VII. She filed suit in the Eastern District of Louisiana, alleging federal question subject matter jurisdiction under 28 U.S.C. § 1331. Y&H submitted to her jurisdictional claims but denied her allegations on the merits. *Id.* at 507. Y&H did not assert that it lacked the requisite number of employees under 42 U.S.C. § 2000e(b) at any time before the jury rendered its verdict in favor of the plaintiff. Two weeks after the verdict, for the very first time, Y&H asserted that the court lacked subject matter jurisdiction due to Y&H's number of employees. *Id.* at 508. The court ultimately sided with Y&H's objection to subject matter jurisdiction and dismissed the plaintiff's claims. The appellate court affirmed. *Id.* at 509. Defendants point out that the *Arbaugh* trial court, and the U.S.

Supreme Court, noted numerous times that this practice was "unfair" and a "waste of judicial resources." *Id.* at 501, 502, 504, 508, and 515.

Defendants argue that the numerosity requirement is jurisdictional and it is codified under 42 U.S.C. § 2000e(b). "The term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b). Defendants argue that *Arbaugh* stands alone in its reasoning and conclusion and that federal jurisprudence follows the prerequisite that a minimum of 15 employees is a statutory requirement in a Title VII action. *Guillory v. Rainbow Chrysler Dodge Jeep, LLC*, 158 F. App'x 536 (5th Cir. 2005). See also *Juino v. Livingston Par. Fire Dist. No. 5*, No. CIV.A. 11-466, 2012 WL 527972, at *2 (M.D. La. Feb/ 14, 2012), aff'd, 717 F.3d 431 (5th Cir. 2013). The Court is persuaded by this argument and notes the jurisprudence following the precedent that numerosity is a jurisdictional issue. Accordingly, the jurisdictional requirement in the instant case is not met and Plaintiff's claims must be dismissed pursuant to Rule 12(b)(1).

Because the Court finds that Plaintiff's federal claims under Title VII must be dismissed, the Court declines to exercise supplemental jurisdiction over her remaining state law claims.

## CONCLUSION

**IT IS ORDERED** that for the reasons set forth above, Defendants' Motion to Dismiss [Doc. 4] will be **GRANTED** and Plaintiff Carmen Spears' Title VII

claims are **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 12(b)(1) due to a lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff's remaining state law claims are **DISMISSED WITHOUT PREJUDICE** because the Court declines to exercise supplemental jurisdiction.

**THUS DONE AND SIGNED** in Chambers this 23rd day of May, 2022.

_____
**JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE**