UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CARMEN A. SPEARS** | **CASE NO. 2:21-CV-03788** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **NANAKI LLC D/B/A DAYS INN & SUITES BY WYNDHAM KINDER** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment (Doc. 24) filed by the Defendant, Nanaki LLC d/b/a Days Inn & Suites by Wyndham Kinder ("Days Inn"), to dismiss all claims. Plaintiff, Carmen A. Spears ("Spears"), opposes the motion. Doc. 29. Days Inn also filed a reply brief. Doc. 32.

## BACKGROUND INFORMATION

The above captioned matter involves a claim for pregnancy discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Doc. 1. Spears alleges that on or about June 13, 2019, she applied for a job working the front desk at Days Inn, and after an interview with the owner, Paul Singh ("Singh"), she was told she would be contacted to schedule training after a background check. *Id.* at ¶ 10-12. Spears contends that during training the following day with a Days Inn employee she was asked if she was pregnant. *Id.* at ¶ 14. After she responded affirmatively, Spears alleges that the trainer contacted Singh and relayed this information. *Id.* at ¶ 14. Spears asserts that immediately thereafter she was escorted to the door and was told that Days Inn

would not proceed with hiring her for the position because folding sheets would be "too hard on her" because of her pregnancy. *Id.* at ¶ 16.

Spears filed a charge of discrimination with the Equal Employment Opportunity Commission on or about March 5, 2020. *Id.* at ¶ 3. The Equal Employment Opportunity Commission provided her with a Right to Sue letter dated August 6, 2021. *Id.*; Doc. 1-1. Spears timely filed her lawsuit on October 27, 2021. Doc. 1

Days Inn filed a motion for summary judgment arguing that Spears will not be able to prove that it employed a sufficient number of employees to be considered an "employer" as that term is defined under Title VII, 42 U.S.C. § 2000e, which requires the dismissal of her claims. Doc. 24.

## SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the

evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

Title VII prohibits employers from discriminating against any individual because of that individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). The Pregnancy Discrimination Act added language to Title VII specifying that "Title VII's prohibition against sex discrimination applies to discrimination based on pregnancy." *Young v. United Parcel Serv., Inc.*, 575 U.S. 206, 210 (2015) (citing 42 U.S.C. § 2000e(k)).  Employers are required to treat pregnant women "the same for all employment-related purposes as other persons" who are not pregnant but are "similar in their ability or inability to work." *Young*, 575 U.S. at 210.

The first step in evaluating whether a defendant may be held liable under Title VII is to determine whether the defendant falls within Title VII's statutory definition of "employer." *Muhammad v. Dallas County Cmty. Supervision and Corrs. Dept.*, 479 F.3d 377, 380 (5th Cir. 2007). The term "employer" is defined by Title VII in relevant part as:

> "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or proceeding calendar year, and any agent of such person…."

42 U.S.C. § 2000e(b). The establishment of "the threshold number of employees for [the] application of Title VII is an element of plaintiff's claim for relief…." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006).

The Defendant argues that there is a lack of competent summary judgment evidence sufficient for Plaintiff to establish that it employed fifteen persons for each working day of the twenty weeks leading up to the alleged act of discrimination. Doc. 24-1 at 7. Defendant states that during 2019, the year Plaintiff allegedly applied for the job, it had fewer than fifteen employees. *Id.* In support, Defendant has provided authenticated payroll records. Doc. 24-3. The payroll records show that during the entire year of 2019, the Defendant employed a maximum of seven employees during any one of the twenty-six biweekly pay periods. *Id.* The number of employees varied from pay-period to pay-period, but always remained between four and seven total employees. *Id.* As such, Defendant maintains that it is not an "employer" under Title VII and Plaintiff has not established a critical element of her claim. Doc. 24-1 at 7.

The Plaintiff responds by arguing that the Defendant is the party required to demonstrate that there is an absence of a genuine material fact concerning the requirement of fifteen or more employees for the years 2019 and 2018. Doc. 29 at 3. Plaintiff interprets the phrase "in the current or proceeding calendar year" in the definition of "employer" to mean that the number of employees for the current year and

the proceeding calendar year must be considered in determining if the defendant had fifteen or more employees. *Id.* Because Defendant did not provide any evidence or payroll records for 2018, Plaintiff contends the lack of this information prevents Defendant from meeting its initial burden of demonstrating the absence of a genuine issue of material fact. *Id.* at 3-5. Defendant counters that Plaintiff's argument is based on a misinterpretation of the plain language of the statute because the commonly accepted meaning of the word "or" means one or the other, not both. Doc. 32 at 3.

When a court engages in statutory interpretation it "begins, and if possible, ends with the language of the statute." *United States v. Lauderdale County, Miss.*, 914 F.3d 960, 964 (5th Cir. 2019) (citing *Trout Point Lodge, Ltd. v. Handshoe*, 729 F.3d 481, 486 (5th Cir. 2013)). "When the language is plain" the court "must enforce the statute's plain meaning, unless absurd." *Id*. "The preeminent canon of statutory interpretation requires [the court] to 'presume that [the] legislature says in a statute what it means and means in a statute what it says there.'" *BedRoc Ltd. v. United States*, 541 U.S. 176, 183 (2004). "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Asadi v. G.E. Energy (USA), LLC*, 720 F.3d 620, 622 (5th Cir. 2013) (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997)).

The statutory language used in the definition of "employer" under Title VII is not ambiguous. The phrase "current year" has been interpreted by the Fifth Circuit to mean the year in which the alleged discrimination occurred. *Dumas v. Town of Mount Vernon, Ala.*, 612 F.2d 974, 979 n. 4 (5th Cir. 1980) (overruled on other grounds); *Vance v. Union*

*Planters Corp.*, 209 F.3d 438, 446 (5th Cir. 2000). The word "or" is disjunctive in nature when used in a list of items to create alternatives. *United States v. Palomares*, 52 F.4th 640, 643 (5th Cir. 2022) (citing Black's Law Dictionary (10th ed. 2014)).

When applied to the definition of "employer," the Court interprets the plain language of the statute to mean that an employer is one who employs fifteen or more employees for each working day in each of the twenty or more calendar weeks in the year in which the alleged discriminatory act occurred or alternatively, the proceeding calendar year. If the Court were to adopt the interpretation offered by the Plaintiff it would increase the burden of establishing a claim under Title VII, requiring a claimant to establish that the alleged employer had fifteen or more employees for more than twenty weeks, which is not required by the plain language of the statute. This is inconsistent with the jurisprudence, which requires Title VII to be liberally construed due to its remedial nature. *Diggs v. Harris Hosp.-Methodist, Inc.*, 847 F.2d 270, 273 (5th Cir. 1988). In this case, the alleged act of discrimination occurred on June 13, 2019, more than twenty weeks into the year. As such, only the number of Days Inn employees during 2019 should be considered.

As noted above, it is the plaintiff's burden to establish that the defendant meets the statutory definition of "employer." *Muhammad*, 479 F.3d at 380. To survive a motion for summary judgment a plaintiff must present evidence that the defendant meets this definition. *Id.* In this case, the Defendant has provided summary judgment evidence in the form of an affidavit and deposition testimony of Singh, the owner of Days Inn, to establish that it did not employ fifteen or more employees for each working day of 2019,

including the twenty weeks preceding the alleged discriminatory act on June 13-14, 2019. Doc. 32 at 2; Doc. 24-3; Doc. 32-1.  The Defendant also provided the payroll records for 2019, which Singh swore to be true and correct.  Doc. 24-3.

Plaintiff does not respond with evidence to establish that the Defendant meets the definition of employer, but rather with her own affidavit suggesting that the Days Inn payroll records are incomplete and/or inaccurate. Doc. 29 at 6; Doc. 29-3. Therein, Plaintiff states that she has personal knowledge that the wife of her late husband's cousin, Sumer Spears, was working for Days Inn throughout 2019. Doc. 29-3.  Plaintiff also states that Sumer Spears is the individual who encouraged her to apply for the job. *Id.* Despite this information, Plaintiff notes that Sumer Spears does not appear in the 2019 payroll records. *Id.* at 6.  Additionally, Plaintiff argues that Singh's wife, Ms. Kaur, testified that she would assist her husband with housekeeping and room inspections, yet her name does not appear in the 2019 payroll records, which also suggests that the records are inaccurate. *Id.* at 6; Doc. 29-2 at p.18. Based on this information, Plaintiff contends that Defendant's payroll evidence is insufficient to support summary judgment and she has created a genuine issue of material fact regarding the number of individuals employed by Days Inn.  Doc. 29 at 7.

In support Plaintiff cites to *United States EEOC v. Taqueria Rodeo de Jalisco*, 2012 WL 6630159 (S.D. Tex. Dec. 19, 2012), a case where summary judgment was denied after the plaintiff offered evidence showing that defendant's payroll records were incomplete. The Court finds this case to be inapposite to the case at hand.  In *Taqueria* the plaintiff offered significant evidence that the defendant paid numerous workers in

cash, and they were not captured by payroll. *Id.* at *3. The evidence included an admission by the owner of the business that he had twenty employees and paid some employees with cash who did not appear on the payroll, as well as testimony from former employees indicating they were paid in cash. *Id.* As such, that court found that it could not rely on the payroll records alone to determine the number of employees. *Id.* Plaintiff in this case has presented no evidence that any Days Inn employees were paid in cash or that the owner or anyone else has ever indicated that Days Inn had fifteen or more employees.

As noted above, the Defendant provided authenticated payroll records for 2019, which contain no more than seven employees during the twenty weeks prior to the alleged act of discrimination. While Plaintiff's affidavit regarding Sumer Spears questions the accuracy of these records, Plaintiff has failed to provide any evidence that would suggest that Defendant employed fifteen or more employees during 2019. As to Ms. Kaur's absence from the payroll records in 2019, the Court notes that Ms. Kaur's deposition testimony does not indicate that she assisted her husband during 2019. Doc. 29-2. Further, Singh testified that his wife had a baby in 2018 and the reason she did not appear on the payroll for 2019 was most likely because she was caring for their infant child. Doc. 29-1 at pp. 32-33.

The Court finds that the Defendant has met its burden of demonstrating the lack of evidence supporting an essential element of Plaintiff's claim. Although Plaintiff has presented an affidavit questioning the payroll records, she has failed to present any

evidence that Defendant had fifteen or more employees during 2019. Accordingly, summary judgment is appropriate.

## CONCLUSION

For the reasons stated above, the Defendant's Motion for Summary Judgment (Doc. 24) is hereby **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on this 24th day of January, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**